Janie CANTU, Relator,

v.

The Honorable Raul L. LONGORIA,
Judge, and the Thirteenth Court
of Appeals, Respondents.

No. 94–0156.

Supreme Court of Texas.

June 8, 1994.

Kelly K. McKinnis, McAllen, Eloy Sepulveda, Weslaco, for relator.

Nora L. Morgan, McAllen, for respondents.

PER CURIAM.

In this original proceeding, relator seeks a writ of mandamus directing the trial court to conduct a Tex.R.App.P. 5(b)(5) hearing to determine when relator received notice that the court had signed a judgment from which she wishes to appeal. Relator cannot appeal the judgment against her unless the trial court finds that she learned of the judgment more than twenty days after it was signed and within a period of time that would render her appeal timely. We conclude the trial court erred by refusing to hold the required hearing, and we conditionally grant relator's petition for writ of mandamus.

Janie Cantu sued Holiday Inns, Inc. ("Holiday Inns") for personal injuries she sustained in a slip-and-fall accident. Holiday Inns filed a motion for summary judgment. The trial court held three hearings on the motion and ruled in Holiday Inns' favor two days after the third hearing, on August 4, 1993. The court's docket sheet indicates that it mailed notice to the attorneys on September 9, 1993, more than a month after the court signed the order. On October 21, 1993, Cantu filed with the trial court (1) a motion for new trial, and (2) a Tex.R.App.P. 5(b)(5) motion for findings as to the date she received notice of the summary judgment order. Cantu claimed that she did not receive notice that the trial court had signed the order until September 21, 1993. The trial court did not set a hearing date for Cantu's Tex.R.App.P. 5(b)(5) motion, and the motion for new trial was overruled by operation of law.

Thereafter, Cantu filed a cost bond and took other steps to perfect an appeal. The court of appeals, however, informed her by letter that she had not met the deadlines necessary to satisfy the appellate timetable: The court "note[d] that a motion to designate date of judgment ... was filed in the cause [but] nothing in the record [shows] that a finding was made by the trial court as required by Tex.R.App.P. 5(b)(5)." The court of appeals did grant Cantu the opportunity to "correct the defect" before "the expiration of ten days from the date of receipt of this letter," and instructed her that her appeal would be dismissed if she failed to obtain a ruling within that time. On December 30, 1993, Cantu wrote the trial court, again requesting that it hold a hearing, but the trial court did not do so. Cantu then filed a motion for leave to file a petition for writ of mandamus with the court of appeals, which overruled her motion. Two days later, Can-

tu filed a similar motion with this court, and we granted Cantu immediate temporary relief.

Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). The trial court clearly abused its discretion. The Texas Rules of Appellate Procedure provide for an extension of the appellate timetable for parties that do not receive timely notice that a trial court has signed a judgment against them:

> If within twenty days after the judgment ... is signed in a civil case, a party adversely affected by it or his attorney has neither received the notice ... nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in subparagraph (b)(1) except the period for filing a petition for writ of error shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first. . . .

Tex.R.App.P. 5(b)(4). Such a party is required to prove the date of notice in the trial court, and the trial court is required to hold a hearing and make the requested finding. Tex.R.App.P. 5(b)(5) ("The trial judge *shall* find the date upon which the party ... acquired actual knowledge of the signing of the judgment *at the conclusion of the hearing* and include this finding in the court's order.") (emphasis added). The trial court did not do so.

Cantu does not have an adequate remedy by appeal. Indeed, Cantu is precluded from pursuing any appeal without the finding she seeks. Without hearing oral argument, a majority of the court grants relator's motion for leave to file and conditionally grants her petition for writ of mandamus. Tex.R.App.P. 122. The clerk is directed to issue the writ only in the event that respondent refuses to hold a hearing, make a finding, or include it in his order.