**Lixing XU, Relator,**

v.

**Honorable Claude D. DAVIS, Presiding Judge, County Court at Law No. One, Brazos County, Texas, Respondent.**

No. 10–94–228–CV.

Court of Appeals of Texas, Waco.

Oct. 12, 1994.

---

Carol Bratt, Leal & Bratt, Redmond, WA, for relator.

Ann Braneff, Hawtrey and Braneff, LLC, Bryan, for real party in interest.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

Lixing Xu, relator, seeks a writ of mandamus to require Judge Claude Davis, respondent, to hold a hearing on her motion to determine the date on which she or her attorney first received notice or acquired actual knowledge of the default judgment of divorce rendered in favor of her husband, Wang Yan Feng. *See* Tex.R.Civ.P. 306a(5); Tex.R.App.P. 5(b)(5). Although the record reflects that Judge Davis has apparently attempted, unsuccessfully, to coordinate a telephone-conference hearing with Xu and her counsel, who both reside out of state, he has not set the motion for a hearing. Accordingly, we will conditionally grant the writ.

## DEFAULT DIVORCE

The court rendered a no-answer default judgment in the divorce suit pending between Xu and Feng on March 10, 1994, which was four days before Xu's answer was received and filed on March 14. Under the circumstances, Rule 239a required Feng to immediately certify to the clerk in writing Xu's last known mailing address and, furthermore, required the clerk to mail written notice of the judgment to Xu at the address shown in the certificate. *See* Tex.R.Civ.P. 239a; also Tex.R.App.P. 5(b)(3). However, the docket sheet does not reflect a certificate of last known address or a notice of judgment.

## MOTION TO MODIFY

On May 25, Xu filed a motion to modify the date of the judgment, requesting that Judge Davis hold a hearing to determine the date on which she or her attorney first learned of the default judgment.[1] Xu supported the motion with affidavits from herself and her attorney, in which they state that her counsel first learned of the default judgment on May 3 and that Xu was first told of the default judgment on May 20. Even though five months have passed since the motion to modify was filed and a hearing requested, the court has yet to set it for a hearing. Xu asserts in her petition for a writ that she has made "numerous requests, orally and in writing," that Judge Davis conduct a hearing on the motion to modify and determine the date on which she first learned of the default judgment.

Counsel for Feng, the real party in interest, contends in a response to the petition that a conformed copy of the divorce decree was mailed to Xu at her address in the State of Washington by certified mail on March 10, the date the judgment was rendered, and that she must have received notice of the default judgment before May 20. These contentions should be presented at the hearing on the motion to modify. Moreover, Feng asserts in the response that Judge Davis has never refused to hold a hearing on the motion to modify but, instead, has attempted to schedule a telephone-conference hearing with Xu and her attorney, who both reside in Washington, and has been unsuccessful in

---

1. On May 25 Xu also filed a motion for a new trial. On July 8 she attempted to perfect an appeal of the default judgment, but was notified by letter from the clerk of this court that the appeal bond "appears" to be untimely. *See* Tex. R.App.P. 41(a)(1).

doing so.[2] According to Feng, Xu cannot complain about the failure to set a hearing on her motion to modify because she has not complied with the local rules relating to telephonic hearings.

## AVAILABILITY OF MANDAMUS

The timetable for perfecting an appeal ordinarily begins on the date the judgment is signed. TEX.R.APP.P. 5(b)(1). Therefore, unless a motion for new trial is timely filed, an appeal must be perfected within thirty days after the judgment is signed. *Id.* 41(a)(1). Xu's motion for new trial thus appears to be untimely because it was not filed within thirty days after March 10. *See* TEX. R.CIV.P. 329b(a). However, if Xu can establish by proof in the trial court that neither she nor her counsel received notice of the judgment from the clerk or acquired actual knowledge of the judgment within twenty days after its signing, then the timetable for perfecting her appeal will begin on the earliest date that either she or her counsel received notice from the clerk or acquired actual knowledge of the judgment. *See* TEX. R.APP.P. 5(b)(4). In no event can the timetable begin more than ninety days after the judgment was signed. *See id.* Therefore, should the court find from the evidence presented at the hearing on the motion to modify that Xu or her counsel did not learn of the default judgment until May 3, as they contend, then the timetable for filing a motion for new trial would begin on May 3, and Xu's motion for new trial would then be timely. *See id.;* TEX.R.CIV.P. 329b(a). Having timely filed a motion for new trial, Xu's attempted appeal of the default judgment would also be timely. *See* TEX.R.APP.P. 41(a)(1).

Rule 5(b)(5) requires Judge Davis to hold a hearing on the motion to modify and to make the requested finding. *See* TEX.R.APP.P. 5(b)(5); *Cantu v. Judge Raul Longoria,* 878 S.W.2d 131, 132 (Tex.1994). His failure to set the motion for hearing and make the required finding constitutes an abuse of discretion. *See Cantu,* 878 S.W.2d at 132. Moreover, Xu has no adequate remedy by appeal because, without the required finding, she is precluded from appealing. *See id.* Under these circumstances, a writ of mandamus is an appropriate remedy. *See id.*

Although this court feels assured that Judge Davis, as the real party in interest has suggested, has sought to accommodate Xu and her counsel by coordinating a hearing by phone, his inability to do so does not justify the failure to set · a specific date for the hearing on the motion to modify. Once the motion is set for a hearing, the court can then consider whether to allow the evidentiary hearing to be conducted by phone and consider any objections by Feng's counsel to such a hearing.

Accordingly, we conditionally grant the petition for writ of mandamus and direct the clerk to issue the writ only in the event Judge Davis fails or refuses to hold a hearing, make a finding, and include it in his order.

---

**2.** We take judicial notice that the county court at law and district courts in Brazos County have adopted local rules which allow judges, "when a setting has been given," to consider requests from counsel to appear by telephone in a hearing that "does not involve the presentation of evidence." *See* TEX.R.CIV.EVID. 201(b); COUNTY COURT AT LAW No. 1 (BRAZOS) LOC.R. 3.13(c)(1) (effective February 1, 1990). The local rule requires the attorney requesting a hearing by phone to notify the court coordinator and all other counsel of the request by phone or in writing, not later than noon of the last working day before the hearing, and any counsel may object to the hearing no later than 2:00 p.m. on the last working day preceding the hearing. LOC.R. 3.13(c)(2), (3). Thus, the local rule requires the court to have set a hearing before considering requests for appearances by phone.