**In re Brenda RAY, Relator.**

No. 05–98–00028–CV.

Court of Appeals of Texas,
Dallas.

April 29, 1998.

Andrew Korn, Andrew Korn, P.C., Dallas, John Whitney Bowdich, Dallas, Brad Jackson, Jackson & Matthews, Dallas, for Relator.

Ed Huddleston, Lynn Marie Johnson, Law, Snakard & Gambill, Fort Worth, for Real Party in Interest.

Before KINKEADE, WHITTINGTON and BRIDGES, JJ.

## OPINION AND ORDER

WHITTINGTON, Justice.

In this mandamus proceeding, relator seeks an order directing the trial court to enter a finding showing the date on which relator or her attorney first received notice or acquired actual knowledge of the trial court's dismissal order. *See* TEX.R. CIV. P. 306a; TEX.R.APP. P. 4.2(c). After reviewing the exhibits filed in this cause, we conclude relator is entitled to the relief sought. Accordingly, we conditionally grant the writ.

### BACKGROUND

On June 25, 1997, the trial judge signed a written order dismissing this case for want of prosecution. On August 22, 1997, relator filed a sworn motion with the trial court under rule 306a of the rules of civil procedure. In the motion, relator alleged she did not receive notice or actual knowledge of the court's dismissal order until August 6, 1997, more than twenty days after the order was signed. Thus, under rule 306a, relator contended (1) the court's plenary jurisdiction had been extended, and (2) the court therefore had jurisdiction to reinstate the case. On October 20, 1997, the trial court held a hearing on relator's motion. After hearing from both sides, the trial judge denied the motion by written order signed November 4, 1997. In his order, the trial judge specifically (1) denied relator's request to reinstate the case, and (2) found the motion should be denied because "neither Plaintiff's affidavit nor Plaintiff's motion states that Plaintiff's attorney did not have knowledge or notice of the dismissal prior to August 6, 1997." The court's order did not set a date showing when relator or her attorney first received notice or actual knowledge of the court's dismissal order.

Following entry of the November 4, 1997 order, relator filed a motion to reconsider. Then, on November 13, 1997, relator filed a notice of appeal with the trial court and a motion to extend time to file the notice of appeal in this Court. By letter dated December 19, 1997, this Court notified the parties that it had questions concerning its jurisdiction over the appeal. In the letter, we asked the parties to file briefs with the Court addressing the following issues: (1) whether relator's 306a motion was sufficient to require the trial judge to hold a hearing and make a finding under rule of appellate procedure 4.2; and (2) whether the August 6, 1997 date could be used to calculate the appellate deadlines in the absence of a finding from the trial court. In addition, we asked the parties to address whether the trial court's failure to make a finding under rule 306a was subject to review on direct appeal.

On January 9, 1998, this mandamus proceeding was filed. In her petition, relator sought an order from this Court compelling the trial court to make a finding on the specific date notice was received by relator and her counsel. On January 12, 1998, this Court denied mandamus relief, noting that relator had not shown she had requested such a finding from the trial judge. On March 3, 1998, relator filed a motion to reconsider, attaching copies of two letters sent by relator to the trial judge which asked the trial judge to enter the requested finding. On March 4, 1998, we granted relator's motion to reconsider. The issue now before the Court is whether relator's 306a motion and accompanying affidavit were sufficient to require the trial judge to make a finding on the specific date relator or her attorney received notice or acquired actual knowledge of the trial court's dismissal order.

### RULE 306A

Under rule 306a of the rules of civil procedure, the trial court's plenary power to grant a new trial or vacate, modify, correct, or reform a judgment is extended when a party adversely affected by the judgment or her

attorney fails to receive notice or actual knowledge of the judgment within twenty days after the judgment is signed. *See* TEX.R. CIV. P. 306a(4). Likewise, the Texas Rules of Appellate Procedure provide an extension of the appellate timetable for parties who do not receive timely notice that a trial court has signed a judgment against them. *See* TEX.R.APP. P. 4.2(a)(1); *Cantu v. Longoria,* 878 S.W.2d 131, 132 (Tex.1994) (orig.proceeding).[1] In cases where notice or actual knowledge is not timely obtained, the period of the trial court's plenary power (and the timetable for filing items under the appellate rules) runs from the date the party or her attorney receives notice or actual knowledge of the trial court's judgment, whichever occurs first. TEX.R. CIV. P. 306a(4); TEX. R.APP. P. 4.2(a)(1).

■ Rule 306a clearly places the burden of establishing its applicability on the party seeking the extension. *See Womack–Humphreys Architects, Inc. v. Barrasso,* 886 S.W.2d 809, 813 (Tex.App.—Dallas 1994, writ denied); *Montalvo v. Rio Nat'l Bank,* 885 S.W.2d 235, 237 (Tex.App.—Corpus Christi 1994, no writ) (per curiam). The purpose of the 306a motion is to establish a prima facie showing of lack of notice, thereby reinvoking the trial court's jurisdiction for the limited purpose of holding a 306a hearing. *See Barrasso,* 886 S.W.2d at 814; *Montalvo,* 885 S.W.2d at 237; *Carrera v. Marsh,* 847 S.W.2d 337, 342 (Tex.App.—El Paso 1993, orig. proceeding) (op. on reh'g). To make a prima facie showing, the movant must establish the following "on sworn motion and notice": (1) the first date that either she or her attorney received notice of the judgment or acquired actual knowledge of the signed judgment; and (2) the date of notice or actual knowledge was more than twenty days but not more than ninety days after the judgment was signed. *See* TEX.R. CIV. P. 306a;

*Barrasso,* 886 S.W.2d at 813. Only when the sworn motion makes a prima facie showing of lack of notice is the trial court required to hold an evidentiary hearing. *See Barrasso,* 886 S.W.2d at 814 (noting that trial court's jurisdiction is not reinvoked without a prima facie showing of rule 306a's applicability).

■ Once a prima facie showing is made, rule 306a requires the trial court to hold a hearing to determine the date on which the party or his attorney first received notice or actual knowledge of the trial court's judgment. *See* TEX.R.APP. P. 4.2(c); *Cantu,* 878 S.W.2d at 132. As rule 4.2(c) explains, "[a]fter hearing the motion, the trial court *must* sign a written order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed." TEX.R.APP. P. 4.2(c) (emphasis added). Failure to hold a hearing *and make a finding* once a prima facie case is established constitutes an abuse of discretion. *See, e.g., Cantu,* 878 S.W.2d at 131–32 (noting that trial court is required to hold hearing *and make finding* when party presents proof of date of notice in trial court); *Xu v. Davis,* 884 S.W.2d 916, 918 (Tex.App.—Waco 1994, orig. proceeding) (ordering trial court to hold hearing *and make finding* in case where movant supported motion with affidavits showing date movant and her attorney received notice).

■ In this case, relator filed a sworn motion with the trial court and an affidavit in support. In the motion, relator stated that (1) her attorney contacted the court on August 6, 1997 to determine the status of the case and learned at that time that the case had been dismissed for want of prosecution, and (2) relator did not have notice or knowledge of the dismissal order prior to that time.[2] The motion later reiterates that rela-

---

1. Rule 4.2(a)(1) states, in relevant part, that:

    If a party affected by a judgment or other appealable order has not—within 20 days after the judgment or order was signed—either received the notice required by Texas Rule of Civil Procedure 306a.3 or acquired actual knowledge of the signing, then a period that, under these rules, runs from the signing will begin for that party on the earlier of the date

when the party receives notice or acquires actual knowledge of the signing. But in no event may the periods begin more than 90 days after the judgment or order was signed.
TEX.R.APP. P. 4.2(a)(1).

2. The motion indicates that relator's attorney had received a telephone call from the court clerk on June 17, 1997 notifying him that the case had been set on the court's dismissal docket.

tor "received actual notice of the Court's Order on August 6, 1997, more than twenty (20) days (and less than ninety (90) days) after the Court signed the Order." In support of the sworn motion, relator offered the affidavit of her attorney, Andrew R. Korn. In the affidavit, Korn recounts the chain of events leading up to August 6, 1997. He then states that he instructed an associate to contact the court to determine if a trial date had been set. The associate spoke to the court clerk on August 6, 1997 and discovered at that time that the case had been dismissed on June 25, 1997. According to Korn's affidavit, "[t]his was the first notice Plaintiff had of the dismissal order." Korn also affirmatively states in the affidavit that he did not receive a copy of the court's dismissal order from either the court or opposing counsel.

Relator's motion and the attached affidavit indicate that (1) neither relator nor her attorney had notice or actual knowledge of the court's dismissal order within twenty days of the date the order was signed, and (2) the first date relator or her attorney received notice or actual knowledge of the order was August 6, 1997. We conclude this affidavit was sufficient to (1) establish a prima facie showing of lack of notice under rule 306a, and (2) require the trial judge to hold a 306a hearing to determine the date notice or actual knowledge was obtained. *See Cantu,* 878 S.W.2d at 132; *Barrasso,* 886 S.W.2d at 814. We further conclude that, under these circumstances and in accordance with rule 4.2(c), the trial judge was required to make a finding under rule 306a. *See Sharm Inc. v. Martinez,* 885 S.W.2d 165, 166–67 (Tex. App.—Corpus Christi 1993, no writ) (per curiam) (recognizing court was *required* to make finding after movant established, by sworn motion, date notice was received).

In reaching our decision, we necessarily reject the trial judge's reliance on this Court's opinion in *Barrasso.*[3] In *Barrasso,*

this Court held the affidavit of a party insufficient to reinvoke the trial court's jurisdiction under rule 306a because it did not show the date on which the party's attorney received notice. *Id.* at 814. In that case, the party's affidavit stated only that "I did not receive notice of the entry of the Judgment until after December 25, 1990." In addition, the 306a motion, although sworn to by the party's attorney, stated only that *the party* "was not notified of the entry of a default judgment against him within the twenty (20) days required by Rule 306a of the Texas Rules of Civil Procedure." The affidavit and motion made no mention of (1) whether *the party's attorney* had received notice of the trial court's judgment, (2) whether the party or his attorney had *actual knowledge* of the judgment prior to the expiration of twenty days, or (3) the specific date on which the party or his attorney received notice or actual knowledge of the judgment.

We conclude *Barrasso* is factually distinguishable from the instant case because, unlike *Barrasso,* the motion and affidavit in this case set out a specific date on which relator or her attorney first received notice and actual knowledge of the trial court's dismissal order. In addition, unlike *Barrasso,* the motion and affidavit in this case negate actual knowledge of the judgment by relator and her attorney. Finally, unlike *Barrasso,* the affidavit in this case negates any notice or actual knowledge on the part of relator's attorney. Because the motion and affidavit in this case (1) detail how and when notice and actual knowledge was first received by relator and her attorney, and (2) set out a specific date on which the notice was received, we conclude this case is distinguishable from *Barrasso.*

For relator to prosecute a direct appeal in this Court from the trial court's dismissal order, the trial judge must make a finding showing the date on which notice or actual

Apparently, the notice of dismissal was never received by relator's attorney because the notice had been sent to an old address. When relator's attorney spoke to the court clerk on June 17th, the clerk told the attorney to send a letter requesting a trial setting to avoid having the case dismissed. Although relator's attorney sent the requested letter via hand delivery that same day,

the case was nevertheless dismissed by written order dated June 25, 1997.

3. In a letter to counsel dated October 21, 1997, the trial judge indicated that he did not consider the 306a motion and supporting affidavit sufficient under this Court's opinion in *Barrasso.*

knowledge of the dismissal order was received. *See Cantu*, 878 S.W.2d at 132. In *Cantu*, the Texas Supreme Court ordered a trial judge to hold a hearing and set a specific date for notice even without holding that a prima facie case had been made. *Id.* at 131–32. In this case, the trial judge has complied with the hearing requirement; however, he has not made a finding setting out a specific date for notice. Because we conclude relator is entitled to such a finding, we conditionally grant the writ. *See Cantu*, 878 S.W.2d at 132 (noting that mandamus will issue to correct clear abuse of discretion or violation of duty imposed by law when no adequate remedy by appeal exists). If the trial judge enters an order finding the specific date on which relator or her attorney received notice, mandamus will not issue. The trial court is directed to file a certified copy of its order with this Court as soon as practical after the order is entered.