6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00155-CV


______________________________





IN RE: MARSHAL GLENN KEA









 


Original Mandamus Proceeding









 
 



Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant








O P I N I O N



 Marshal Kea has filed a petition seeking a writ of mandamus against the Honorable
G. Timothy Boswell, District Judge of the 402nd Judicial District Court of Wood County, Texas. 
Kea has unsuccessfully attempted to obtain a reporter's record from the proceeding at which he was
sentenced to prison. The sentencing occurred on November 18, 1994, and no reporter's record of that
hearing exists. Kea asks this court to order the district judge to grant him a new trial because the
court reporter had disposed of her notes taken at the trial that led to his incarceration. (1)

 Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion
or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. 
Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex.
1992). In this case, the trial court had no authority at this late date to order a new trial, and thus the
trial court did not abuse its discretion by refusing to do so. 

 The petition for writ of mandamus is denied.


 Ben Z. Grant

 Justice


Date Submitted: November 26, 2001

Date Decided: November 27, 2001


Do Not Publish
1. Tex. Gov't Code Ann. § 52.046(a)(4) (Vernon 1998) requires a court reporter to
preserve notes for future reference for three years from the date on which they were taken.