6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00156-CV


______________________________





IN RE:


JEFFREY MURRAY








 
 

Original Mandamus Proceeding







 
 



Before Cornelius, C.J., Grant and Ross, JJ.

Opinion by Justice Ross



O P I N I O N


 Jeffrey Murray has filed a petition for writ of mandamus in which he contends this
Court abused its discretion by dismissing his appeal. We dismissed his appeal for want
of jurisdiction. Murray asks this Court to order itself to accept jurisdiction of the appeal and
take various actions, including ordering preparation of a free record for the appeal.

 In the underlying appeal, Murray had stated he was attempting to appeal from an
order denying his attempt to intervene in a civil lawsuit. He did not timely seek a free
record, and no record was filed. His notice of appeal was untimely. We therefore
dismissed for want of jurisdiction.

 We first note this Court has jurisdiction to issue a writ of mandamus against "a judge
of a district or county court in the court of appeals district." Tex. Gov't Code Ann.
§ 22.221(b) (Vernon Supp. 2002). Neither is implicated in this case. Further, this is not
a situation in which a writ of mandamus is necessary to enforce the jurisdiction of this
Court. Tex. Gov't Code Ann. § 22.221(a) (Vernon Supp. 2002).

 Second, even if we had jurisdiction to issue a writ of mandamus against a court of
appeals, mandamus issues only when the mandamus record establishes (1) a clear abuse
of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and
adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994); Walker v.
Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). In this case, we would not conclude that we
abused our discretion by dismissing his appeal. Further, there is an adequate remedy at
law. The remedy for a claimed error by a court of appeals is for the aggrieved party to
seek review by the Texas Supreme Court. 

 The petition for writ of mandamus is denied. 


 Donald R. Ross

 Justice


Date Submitted: November 28, 2001

Date Decided: November 28, 2001


Do Not Publish