COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

JOHN R. PASSERO AND WIFE,                        )     

NELDA C.
PASSERO,                                         )                    No. 
08-02-00216-CV

                                                                              )

Appellants,                         )                             Appeal from

                                                                              )     

v.                                                                           )                     41st District Court

                                                                              )

CARROLL ANN SHELTON MAXON
AND      )                 of
El Paso County, Texas

JAMES M. SHELTON, JR.,
INDIVIDUALLY,   )

AND d/b/a C & J AND CSJ
INVESTMENTS;    )                        (TC#
2002-014)

C. MICHAEL MADDOX, CPA,                          )

INDIVIDUALLY; JAMES M.
SHELTON,          )

RALPH WM. SCOGGINS AND                         )

CARROLL ANN SHELTON MAXON,              )

CO-INDEPENDENT EXECUTORS OF
THE     )

ESTATE OF JAMES M. SHELTON,                   )

                                                                              )

Appellees.                          )

 

O
P I N I O N

 

This
appeal is before the court on its own motion, for determination of whether it
should be dismissed for want of jurisdiction. 
Having determined that the Passeros failed to
timely perfect this appeal, we dismiss the appeal for want of jurisdiction.

FACTUAL SUMMARY








In
1993, the Passeros filed suit in cause number 93-4937
against James M. Shelton.  Following a
jury trial, judgment was granted in favor of Shelton on January 2, 1998.  After the trial court overruled their motion
for new trial, the Passeros filed a notice of appeal
and an affidavit of indigence.  The court
reporter and Shelton contested the affidavit of indigence.  When the Passeros
failed to appear at the hearing, the trial court sustained both contests.  The Passeros did
not file the record or a brief, and this Court issued an unpublished opinion
affirming the trial court=s
judgment.  See Passero
v. Shelton, No. 08-98-00084-CV (Tex.App.--El
Paso, June 3, 1999)(not designated for
publication).  On rehearing, the Passeros sought to disqualify the members of this Court and
the trial judge.  The various motions
were denied and the Passeros=
effort to obtain review in the Supreme Court was denied.  

On
January 2, 2002, the Passeros filed a petition for
bill of review in the instant cause, seeking to set aside the prior
judgment.  Appellees
filed a motion to dismiss alleging, among other things, that the procedure
utilized by the Passeros is an improper attack on the
prior judgment.  Following a hearing, the
trial court granted the motion and dismissed the case by a written order signed
on March 7, 2002.  The trial court=s order recites that all parties
received notice of the hearing and appeared in court.  








On
May 8, 2002, the Passeros filed a request for
findings of fact and conclusions of law. 
They then filed notice of appeal on May 17, 2002.  Upon receipt of the notice of appeal, this
Court notified the Passeros of our intention to
dismiss their appeal because it did not appear that the notice of appeal had
been timely filed.  Acting
pursuant to Tex.R.App.P. 4.2 and
Tex.R.Civ.P. 306a, the Passeros
filed in the trial court, on May 17, 2002, a motion for additional time to file
documents.  Additionally, the Passeros filed a Amotion
to reinstate@ in the
trial court on May 20, 2002.  Despite the
recitation in the judgment that they were provided with notice and appeared at
the hearing, the Passeros claim in both motions and
in a motion filed in this Court on May 24, 2002, that they did not have notice
of the hearing and did not know the court had signed a dismissal order until
April 18, 2002.  Their motions
assert that they received actual notice of the dismissal order on April 18,
2002.  In the motion filed with this
Court, the Passeros also requested that the time be
extended in order to provide the trial court with an opportunity to rule on
their pending motions.  They represented
that they had requested that the motions be set for hearing on May 30, 2002 but
the trial court had refused to communicate with them about the hearing date.[1]

On
June 20, 2002, this Court granted the Passeros= motion for an extension of time in
which to perfect appeal but our order made the extension conditional upon
resolution of the proceedings still pending in the trial court, namely, the
Rule 306a(5) motion.  We ordered the Passeros to notify the Court of the outcome of the
proceedings in the trial court no later than fifteen days after the date of the
hearing.  No hearing was ever held in the
trial court.  Consequently, on September
5, 2002, this Court entered an order finding that no hearing had been held in
the trial court and establishing the due date for the record as October 5,
2002.  We received the clerk=s record on October 7, 2002.  After reviewing the clerk=s record, the Court notified the Passeros of our intention to dismiss the appeal for want of
jurisdiction.  The Passeros
have objected to dismissal of the appeal because they claim the Court granted
their motion for extension of time in which to perfect the appeal.

FAILURE TO PERFECT THE APPEAL








A
civil appeal is perfected when the notice of appeal is filed.  Tex.R.App.P. 26.1; see Restrepo v. First Nat=l Bank of Dona Ana County, N.M., 892 S.W.2d 237, 238 (Tex.App.‑-El
Paso 1995, no writ). 
If the appellant does not timely file a motion for new trial, a motion
to modify, a motion to reinstate under Rule 165a, or a request for findings of
fact or conclusions of law, the notice of appeal must be filed within thirty
days after the judgment or other appealable order is
signed.  Tex.R.App.P. 26.1; Restrepo,
892 S.W.2d at 238. 
Verburgt v. Dorner,
959 S.W.2d 615, 617 (Tex. 1997); see also Tex.R.App.P. 26.3.  Here, the notice of appeal was due to
be filed no later than April 6, 2002.[2]


If
a party affected by a judgment or other appealable
order has not--within 20 days after the judgment or order was signed--either
received the notice required by Texas Rule of Civil Procedure 306a(3) or acquired actual knowledge of the signing, then a
period that, under these rules, runs from the signing will begin for that party
on the earlier of the date when the party receives notice or acquires actual
knowledge of the signing.  Tex.R.App.P. 4.2(a)(1).  The procedure to gain additional time is
governed by Texas Rule of Civil Procedure 306a(5).  Tex.R.App.P. 4.2(b).  That rule requires the party adversely
affected to prove in the trial court, on sworn motion and notice, the date on
which the party or his attorney first either received notice of the judgment or
acquired actual knowledge of the signing and that this date was more than
twenty days after the judgment or order was signed.  Tex.R.Civ.P.
306a(5).  The
purpose of the Rule 306a motion is to establish a prima facie showing of
lack of notice, thereby reinvoking the trial court=s jurisdiction for the limited purpose
of holding a Rule 306a hearing.  In re Ray, 967 S.W.2d 951, 953 (Tex.App.--Dallas
1998, orig. proceeding).  Only
when the motion makes a prima facie showing of lack of notice is the
trial court required to holding an evidentiary hearing.  Id. 
Failure to hold a hearing and make a finding once a prima facie
case is established constitutes an abuse of discretion.  Cantu v. Longoria,
878 S.W.2d 131, 132 (Tex. 1994); Ray, 967 S.W.2d at 953.








The
Passeros sustained their burden by filing a sworn
motion pursuant to Rules 306a(5) which established a prima
facie showing of lack of notice. 
Although the Passeros filed a proposed order
setting the motion for a hearing to be held on May 30, 2002, no hearing has
ever been set or held.[3]  Consequently, the trial court has not made
the finding required by Rule 4.2(c).[4]  In the absence of this finding, the Passeros are unable to invoke the benefits of Rule 4.2(a)(1).

The
Passeros maintain that the trial court either ignored
or denied their request to set the Rule 306a(5) motion
for hearing on May 30, 2002, but there is no evidence that they ever requested
that a hearing be set on another date. 
Despite our stated intention to dismiss the appeal for want of
jurisdiction, the Passeros have not sought mandamus
review of the trial court=s
alleged refusal to set a hearing date on their Rule 306a(5) motion.  See Cantu, 878 S.W.2d at 132
(plaintiff was entitled to mandamus directing trial court to determine when
plaintiff received notice of court=s
adverse judgment).  Instead, they have
allowed five months to elapse since they last requested a hearing on their Rule
306a(5) motion.[5]








The
Passeros=
assertion that this Court granted their motion for extension of time in which
to perfect appeal is erroneous.  Rather
than dismissing the appeal, we allowed the appeal to remain on the docket for
the limited purpose of allowing the Passeros to
litigate the Rule 306a(5) motion in the trial
court.  When it became obvious that the Passeros had not taken advantage of the opportunity, the
Court notified the Passeros of our intention to
dismiss the appeal.  The Passeros have not taken the steps necessary to protect
their right to proceed under Rules 4.2 and 306a(5).
Accordingly, we decline to delay resolution of this appeal any longer.  Because the record before us demonstrates
that the Passeros did not timely file their notice of
appeal, we dismiss the appeal for want of jurisdiction.

 

 

December 19, 2002

                                                                        


ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew,
JJ.

 

(Do Not Publish)











[1]  In another
document, the Passeros assert that the Court denied
their request for a hearing on May 30. 
The record does not contain a written ruling to that effect.  It is unclear whether the trial court
affirmatively denied the request or simply did not respond.  





[2]  Since April 6
fell on a Saturday, the notice of appeal was actually due to be filed on the
following Monday, April 8, 2002.





[3]  The record
before us does not reflect that the Passeros ever
presented their request for a hearing to the trial court.  However, the Passeros
claim in documents filed with this Court that the trial court has refused to
return telephone calls or correspond with them regarding their request for a
hearing.





[4]  Rule 4.2(c)
provides:  AAfter
hearing the motion, the trial court must sign a written order that finds the
date when the party or the party=s
attorney first either received notice or acquired actual knowledge that the
judgment or order was signed.@





[5]  If the Passeros filed a petition for writ of mandamus at this late
date, they would undoubtedly face an assertion that laches
bars the requested relief.  Mandamus is
an extraordinary remedy, not issued as a matter of right, but at the discretion
of the court.  Rivercenter
Associates v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993); Callahan v. Giles,
137 Tex. 571, 575, 155 S.W.2d 793, 795 (1941). 
Although mandamus is not an equitable remedy, its issuance is largely
controlled by equitable principles.  Rivercenter, 858 S.W.2d at 367.  One such principle is that equity aids the
diligent and not those who slumber on their rights.  Id. 
Several courts, including this one, have denied mandamus because of
unreasonable delay in filing the petition. 
See e.g., Rivercenter, 858 S.W.2d at 367; International Awards,
Inc. v. Medina, 900 S.W.2d 934, 936 (Tex.App.--Amarillo 1995, orig. proceeding); Furr=s
Supermarkets, Inc. v. Mulanax, 897 S.W.2d 442, 443 (Tex.App.--El Paso
1995, orig. proceeding).