6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00032-CV
______________________________



IN RE:
BENJAMIN WAYNE MCCOIN





                                                                                                                                                             

Original Mandamus Proceeding





                                                                                                                                                             
                          


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION

            In 2000, a jury convicted Benjamin Wayne McCoin for trying to kill his ex-wife and her
husband by blowing them up with dynamite. McCoin v. State, 56 S.W.3d 609 (Tex.
App.—Texarkana 2001, no pet.). McCoin was sentenced to ninety-nine years' imprisonment, and
this Court affirmed the conviction on direct appeal. Id. McCoin now asks us to order the Honorable
John Miller, trial judge of the 102nd Judicial District Court, to conduct an evidentiary hearing on
McCoin's tenth


 post-conviction application for writ of habeas corpus. See Tex. Code Crim. Proc.
Ann. art. 11.07 (Vernon Supp. 2004). We deny McCoin's request.
            Mandamus is an extreme remedy. We may issue a writ of mandamus only when the record
establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the
absence of a clear and adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex.
1994); Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992). Article 11.07 of the Texas Code
of Criminal Procedure governs the procedure whereby a felon who was convicted of a noncapital
crime may file an application for writ of habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.07. 
A trial court must conduct a hearing on an application for writ of habeas corpus only "[i]f the
convicting court decides there are controverted, previously unresolved facts which are material to
the legality of the applicant's confinement . . . ." Tex. Code Crim. Proc. Ann. art. 11.07(3)(d).
            We asked the district clerk to file with this Court a record consisting of McCoin's application
for writ of habeas corpus, the State's response (if any), and the trial court's order(s) pertaining to
McCoin's application. See Tex. R. App. P. 34.5(c). That record was filed March 19, 2004, yet it also
included an order from the Texas Court of Criminal Appeals regarding McCoin's application for writ
of habeas corpus. The order from the Texas Court of Criminal Appeals stated, in pertinent part:
            In his present application, [McCoin] contends, inter alia, that he is not
receiving credit on his sentence for all of the time that he spent in federal custody
pursuant to a state detainer. 
            The trial court has not entered findings of fact or conclusions of law. 
Applicant has alleged facts which, if true, might entitle him to relief. Therefore, it
is this Court's opinion that additional facts need to be developed and that since this
Court cannot hear evidence, the trial court is the appropriate forum. The trial court
may resolve those issues as set out in Article 11.07, § 3 (d), V.A.C.C.P., in that it
may order an affidavit from [the] Sheriff's Office officials, or it may order
depositions, interrogatories, or a hearing. In the appropriate case, the trial court may
rely on its personal recollection.
            If the trial court elects to hold a hearing, that court should first decide whether
[McCoin] is indigent. If the trial court finds that [McCoin] is indigent, and the
Applicant desires to be represented by counsel, the trial court will then, pursuant to
the provisions of Article 26.04, V.A.C.C.P., appoint an attorney to represent him at
the hearing.
 
Ex parte McCoin, No. 19,388-10, slip op. at 1–2 (Tex. Crim. App. Jan. 21, 2004) (not designated
for publication). The Texas Court of Criminal Appeals did not direct the trial court to conduct a
hearing on the other issues raised in McCoin's application.



            The order from the Texas Court of Criminal Appeals permits the trial court to receive
affidavits or evidence in lieu of a formal hearing. On February 2, 2004, the trial court entered an
order partially granting the relief requested by McCoin's application for writ of habeas corpus by
giving him credit for the time he spent in 1992 in federal custody while the State of Texas had a
detainer against him. 
            The order from the Texas Court of Criminal Appeals left to the trial court's discretion the
decision of whether to conduct a full evidentiary hearing. Based on the record before us, we cannot
say McCoin has demonstrated the trial court either abused that discretion or committed a violation
of a statutory duty. Accordingly, McCoin is not entitled to relief in his petition for writ of
mandamus. 
 
            We deny McCoin's petition for writ of mandamus.


                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice
 
Date Submitted:          March 29, 2004
Date Decided:             March 30, 2004




BR WP="BR1">
 Jack Carter

 Justice


Date Submitted: September 29, 2008

Date Decided: October 22, 2008


Do Not Publish
1. The indictment in this case was for the assault against Jonathan, Stephanie's middle son. 
George was also convicted of aggravated assault of Stephanie, and assessed a concurrent thirty-five-year sentence in a companion case which we have decided today under cause number 06-08-00056-CR. Since these assaults originated during one time period, the facts concerning each charge will
be discussed in this opinion. 
2. This case has been transferred to this Court as part of the Texas Supreme Court's docket
equalization program.