6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00026-CV
______________________________



IN RE:
PILGRIM'S PRIDE CORPORATION





                                                                                                                                                             

Original Mandamus Proceeding





                                                                                                                                                             
                          


Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss



O P I N I O N

            Pilgrim's Pride Corporation (Pilgrim's Pride) has filed a petition for writ of mandamus. The
underlying litigation is a suit on sworn account filed by Poultry Plant Refrigeration and Maintenance
(PPR&M) against Pilgrim's Pride. Pilgrim's Pride has asserted several affirmative defenses,
including satisfaction, offset, and setoff. Pilgrim's Pride has further asserted counterclaims for
breach of contract, declaratory relief, fraud, and civil conspiracy.



            Pilgrim's Pride's petition for writ of mandamus asks this Court to order the Honorable Ralph
K. Burgess, presiding judge of the 5th Judicial District Court of Bowie County, Texas, to (1) reverse
that court's decision not to compel production of documents ostensibly related to Pilgrim's Pride's
affirmative defenses and counterclaims, (2) continue the trial of the underlying litigation to a date
on or after August 28, 2006, and (3) enter a scheduling order allowing the parties a reasonable
opportunity to conduct additional discovery. 
            For the reasons set forth below, we deny Pilgrim's Pride's petition.
A. Standard for Mandamus Relief
            Mandamus relief is appropriate only when the mandamus record establishes (1) a clear abuse
of discretion or the violation of a duty imposed by law (which is often described as a "ministerial"
act), and (2) the absence of a clear and adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131,
132 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992). "With respect to
resolution of factual issues or matters committed to the trial court's discretion, the reviewing court
may not substitute its judgment for that of the trial court." Walker, 827 S.W.2d at 839–40. "The
relator must establish that the trial court could reasonably have reached only one decision." Id. This
Court would grant mandamus relief in this case if Pilgrim's Pride demonstrated from the mandamus
record that the act sought to be compelled is purely "ministerial" and that Pilgrim's Pride has no other
adequate legal remedy. See State ex rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex. Crim. App.
2003). A remedy is not inadequate merely because it may involve more expense or delay than
obtaining an extraordinary writ. Walker, 827 S.W.2d at 842.
B. Pilgrim's Pride Has Not Provided an Adequate Record
            Pilgrim's Pride contends the trial court abused its discretion by failing to grant a continuance
of the trial date, by sustaining PPR&M's objections to Pilgrim's Pride's discovery requests, and by
refusing to enter a scheduling order, when PPR&M did not present any evidence on those issues. 
But Pilgrim's Pride has not brought forth a reporter's record from the January 3, 2006, hearing in the
trial court. Thus, we cannot determine from the record before us whether PPR&M produced any
evidence in support of its positions opposing Pilgrim's Pride's requested relief in the trial court. 
Without a reporter's record, we could only speculate whether there was evidence to support the trial
court's denial of Pilgrim's Pride's motions to compel discovery, to delay the trial date, and to enter
a scheduling order.
C. Conclusion
            Because the record before us is inadequate to support the issuance of a writ of mandamus,
we deny Pilgrim's Pride's petition for writ of mandamus.


                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          February 15, 2006
Date Decided:             February 16, 2006