In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00138-CV


______________________________





IN RE: DEAN PATTERSON








 


Original Mandamus Proceeding







 
 



Before Morriss, C.J., Carter and Moseley, JJ.

Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 By way of a petition for writ of mandamus, Dean Patterson asks this Court to order the
Honorable Jim D. Lovett, Judge of the Sixth Judicial District Court in Red River County, Texas, to
grant Patterson permission to appeal his 2004 conviction for aggravated assault. We deny Patterson's
petition.

 Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion
or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. 
Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex.
1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of
discretion or, in the absence of another statutory remedy, when the trial court fails to observe a
mandatory statutory provision conferring a right or forbidding a particular action. Abor v. Black, 695
S.W.2d 564, 567 (Tex. 1985).

 According to the limited record excerpts Patterson has supplied, we can discern only that the
trial court acted appropriately. According to the judgment in this case, supplied as an appendix to
Patterson's petition, Patterson pled guilty October 13, 2004, to the offense of aggravated assault and
true to one or more enhancement paragraphs not revealed in the partial record Patterson has supplied. 
The judgment was entered October 13, 2004; on that same date, Patterson executed a waiver of his
right to appeal, and the trial court completed a certification form reading "the defendant has waived
the right of appeal." 

 Where, as here, a judgment reflects a plea agreement and the defendant's affirmative waiver
of the right to appeal, it is correct to state that the defendant waived his or her right to appeal. See
Tex. R. App. P. 25.2; Monreal v. State, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003) (Texas has "long
held that a valid waiver of appeal prevents a defendant from appealing without the trial court's
consent"). Because Patterson has not demonstrated the trial court's abuse of discretion or violation
of any duty imposed by law, he is not entitled to mandamus relief. (1)

 Because Patterson has failed to show himself entitled to mandamus relief, we deny his
petition.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 29, 2007

Date Decided: November 30, 2007


1. We also note that Patterson is attempting to appeal his conviction more than three years after
the trial court entered its judgment. This is obviously well beyond the time to file an appeal. See
Tex. R. App. P. 26.2. Even if Patterson could obtain the trial court's consent to allow his appeal,
such an appeal would be untimely.