In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00189-CR


______________________________




TOMMIE LOYD PRATER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 21977




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Tommie Loyd Prater appeals from his conviction by a jury for sexual assault of a child with
A.C.P. The jury assessed his punishment at twenty years' imprisonment and a $10,000.00 fine. 
Prater presently has seven other convictions currently on appeal before this Court. (1)

 On appeal, Prater contends that the trial court erred in allowing the introduction of hearsay
statements through the testimony of Judith Hart, a nurse who examined A.C.P. during her initial
hospital visit. Prater argues that her testimony and records were inadmissible because they were
hearsay, not made admissible under a medical exception, and that the outcry exception did not apply
because Hart was not the outcry witness.

 We addressed this issue in detail in our opinion of this date on Prater's appeal in cause
number 06-07-00187-CR. For the reasons stated therein, we likewise conclude that error has not
been shown.

 We affirm the judgment. 



 Bailey C. Moseley

 Justice


Date Submitted: August 8, 2008

Date Decided: September 15, 2008


Do Not Publish

1. Prater appeals from eight convictions. In cause number 06-07-00187-CR, he appeals from
his conviction of indecency with a child (A.C.P.) by sexual contact; in cause numbers 06-07-00188-CR through 06-07-00192-CR, he appeals his convictions of sexual assault of a child (A.C.P.). In
each of these cases, Prater was sentenced to twenty years' imprisonment, to run consecutively, and
$10,000.00 fines.

 Prater appeals his conviction in cause number 06-07-00193-CR of indecency with a child
(J.A.P.) by sexual contact. Prater was sentenced in this case to twenty years' imprisonment, to run
consecutively, and a $10,000.00 fine.

 Prater also appeals his conviction in cause number 06-07-00194-CR of aggravated sexual
assault of a child (T.L.P.). He was sentenced to life imprisonment, to run consecutively, and a
$10,000.00 fine.


0;                                                                                                            
                          


Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss



O P I N I O N

            Pilgrim's Pride Corporation (Pilgrim's Pride) has filed a petition for writ of mandamus. The
underlying litigation is a suit on sworn account filed by Poultry Plant Refrigeration and Maintenance
(PPR&M) against Pilgrim's Pride. Pilgrim's Pride has asserted several affirmative defenses,
including satisfaction, offset, and setoff. Pilgrim's Pride has further asserted counterclaims for
breach of contract, declaratory relief, fraud, and civil conspiracy.



            Pilgrim's Pride's petition for writ of mandamus asks this Court to order the Honorable Ralph
K. Burgess, presiding judge of the 5th Judicial District Court of Bowie County, Texas, to (1) reverse
that court's decision not to compel production of documents ostensibly related to Pilgrim's Pride's
affirmative defenses and counterclaims, (2) continue the trial of the underlying litigation to a date
on or after August 28, 2006, and (3) enter a scheduling order allowing the parties a reasonable
opportunity to conduct additional discovery. 
            For the reasons set forth below, we deny Pilgrim's Pride's petition.
A. Standard for Mandamus Relief
            Mandamus relief is appropriate only when the mandamus record establishes (1) a clear abuse
of discretion or the violation of a duty imposed by law (which is often described as a "ministerial"
act), and (2) the absence of a clear and adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131,
132 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992). "With respect to
resolution of factual issues or matters committed to the trial court's discretion, the reviewing court
may not substitute its judgment for that of the trial court." Walker, 827 S.W.2d at 839–40. "The
relator must establish that the trial court could reasonably have reached only one decision." Id. This
Court would grant mandamus relief in this case if Pilgrim's Pride demonstrated from the mandamus
record that the act sought to be compelled is purely "ministerial" and that Pilgrim's Pride has no other
adequate legal remedy. See State ex rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex. Crim. App.
2003). A remedy is not inadequate merely because it may involve more expense or delay than
obtaining an extraordinary writ. Walker, 827 S.W.2d at 842.
B. Pilgrim's Pride Has Not Provided an Adequate Record
            Pilgrim's Pride contends the trial court abused its discretion by failing to grant a continuance
of the trial date, by sustaining PPR&M's objections to Pilgrim's Pride's discovery requests, and by
refusing to enter a scheduling order, when PPR&M did not present any evidence on those issues. 
But Pilgrim's Pride has not brought forth a reporter's record from the January 3, 2006, hearing in the
trial court. Thus, we cannot determine from the record before us whether PPR&M produced any
evidence in support of its positions opposing Pilgrim's Pride's requested relief in the trial court. 
Without a reporter's record, we could only speculate whether there was evidence to support the trial
court's denial of Pilgrim's Pride's motions to compel discovery, to delay the trial date, and to enter
a scheduling order.
C. Conclusion
            Because the record before us is inadequate to support the issuance of a writ of mandamus,
we deny Pilgrim's Pride's petition for writ of mandamus.


                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          February 15, 2006
Date Decided:             February 16, 2006