

# NUMBER 13-11-00573-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE KENNETH HICKMAN-BEY

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Per Curiam Memorandum Opinion [1]

By petition for writ of mandamus, relator, Kenneth Hickman,[2] contends the trial

court has failed to rule on his "MOTION FOR NUNC PRO TUNC ORDER for Out-of-

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number B-10-1416-O-CV-C, styled *Kenneth Hickman-Bey v. Texas Board of Criminal Justice et al.* in the 36th District Court of Bee County, Texas. The respondent is the Honorable Michael E. Welborn. We note that from the mandamus record, it appears that in the cause in the trial court, relator alternates between calling himself "Kenneth Hickman" and "Kenneth Hickman-Bey."

With his petition for mandamus relief, relator also filed a pro se motion to suspend the application of Texas Rule of Appellate Procedure 9.3(a)(1) in this case because he is incarcerated and lacks

Time-Appeal [sic]," which relator apparently alleges he sent to the trial court on August 27, 2011. Relator also contends the trial court has failed to rule on his motion for out-of-time appeal which he alleges he filed with the clerk of the trial court on June 10, 2011. Relator seeks a writ from this Court directing the trial court to rule on both of his motions. We deny the petition for writ of mandamus.

## I. BACKGROUND

Relator, Kenneth Hickman, pro se, filed a petition for writ of mandamus in the above cause on September 9, 2011. Relator claims that his underlying civil-rights suit was dismissed on February 28, 2011, but that he did not receive notice of the dismissal until June 6, 2011. Relator claims "the Clerk" stamped the back of the dismissal order, indicating it was "received . . . June 8, 2011." The mandamus record does not include a copy of the dismissal order.

Relator claims further that during a June 14, 2011 hearing, the judge of the trial court granted relator's oral motion for an out-of-time appeal, "to save the trouble of a hearing on this matter." No transcript of the June 14 hearing is included in the mandamus record.

## II. DISCUSSION

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *See In re Blakeney,* 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria,* 878 S.W.2d 131 (Tex. 1994)). If relator fails to meet both of these

---

sufficient access to paper to comply with the copy requirements of the rule. *See id.* at R. 9.3(a)(1) (specifying number of copies to file in an original proceeding). We hereby grant relator's motion.

requirements, then the petition for writ of mandamus should be denied. *See id.* It is relator's burden to properly request and show entitlement to mandamus relief. *See id.* In addition to other requirements, a relator must furnish an appendix or record sufficient to support the claim for mandamus relief. S*ee id.*; *see also* TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record).

The consideration of a motion that is properly filed and before the court is a ministerial act and a trial court is required to consider and rule on a properly filed and pending motion within a reasonable time. *See In re Blakeney,* 254 S.W.3d at 663; *In re Hearn,* 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). The determination regarding what constitutes a reasonable period of time to rule on a motion is dependent upon several factors, including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *See In re Blakeney,* 254 S.W.3d at 661; *In re Chavez,* 62 S.W.3d at 228–29.

To obtain mandamus relief for the refusal to rule, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See In re Hearn,* 137 S.W.3d at 685; *In re Chavez,* 62 S.W.3d at 228. Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling. *See In re*

3

*Davidson,* 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *In re Hearn,* 137 S.W.3d at 685; *In re Chavez,* 62 S.W.3d at 228.

The Court, having examined and considered the petition for writ of mandamus and the applicable law is of the opinion that relator has not met his burden to obtain mandamus relief. Relator has not provided the Court with a record or appendix showing that he filed the motions with the trial court *and* presented the motions to the trial court with a request for a ruling. *See* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file with petition a certified or sworn copy of every document material to relator's claim for relief and filed in any underlying proceeding); *In re Davidson*, 153 S.W.3d at 491; *In re Chavez,* 62 S.W.3d at 228. There is nothing in the record to show that the motions, if filed, were brought to the trial court's attention. *See In re Davidson*, 153 S.W.3d at 491. Moreover, even if we were to accept relator's allegations as true, relator has offered no legal authority or evidence showing that the alleged delay in ruling constitutes an unreasonable period of time for the trial court to consider the motions. *See In re Hearn,* 137 S.W.3d at 685; *In re Chavez,* 62 S.W.3d at 228.

### III. CONCLUSION

The Court, having examined and considered the petition for writ of mandamus, is of the opinion that relator has not met his burden to obtain relief. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed this
16th day of September, 2011.

4