

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00532-CR

**IN RE** Ricardo **RODRIGUEZ**

Original Proceeding[1]

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
             Adrian A. Spears II, Justice
             H. Todd McCray, Justic

Delivered and Filed: October 15, 2025

PETITION FOR WRIT OF MANDAMUS DENIED

Relator filed a petition for writ of mandamus on August 20, 2025 seeking an order directing respondent to hold a hearing on a motion for reduction of sentence that he allegedly filed. Relator has not provided an appendix or mandamus record.

Mandamus will issue "only when the mandamus record establishes (1) a clear abuse of discretion, and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994)) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "It is the relator's burden to provide this Court with a sufficient record to establish

---

[1]This proceeding arises out of Cause No. 98-10-00152-CRF, styled *The State of Texas v. Ricardo Rodriguez*, pending in the 218th Judicial District Court, Frio County, Texas, the Honorable Russell Wilson presiding.

his or her right to mandamus relief." *Id.* (citing *Walker*, 827 S.W.2d at 839–40; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding)); *see* TEX. R. APP. P. 52.3, 52.7(a).

Rule 52.3(k)(1)(B) requires relator to provide an appendix including "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3. "Because the record in a mandamus proceeding is assembled by the parties," we must "strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record." *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.) (quoting *In re McKinney*, No. 05-14-01513-CV, 2014 WL 7399301, at *1 (Tex. App.—Dallas Dec. 15, 2014, orig. proceeding)). We may deny a petition for a writ of mandamus for an inadequate record alone. *See Blakeney*, 254 S.W.3d at 662.

Relator has not established that he is entitled to the relief requested. The petition for writ of mandamus is **DENIED**.

PER CURIAM

DO NOT PUBLISH