

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-26-00033-CV

---

IN RE CHRISTY LYNNE POWELL

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Christy Lynne Powell has filed a petition for a writ of mandamus seeking relief from trial court orders imposing sanctions against her. Because we find that Powell has failed to comply with Rule 52.7 of the Texas Rules of Appellate Procedure, we deny her petition for a writ of mandamus. *See* TEX. R. APP. P. 52.7.

"Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion . . . , and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)). "It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief." *Id.* (citing *Walker*, 827 S.W.2d at 839–40). Accordingly, a relator must file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Although Powell's appendix attaches the trial court's sanctions orders, it omits the real party in interest's motions for sanctions. Instead, Powell only attaches her pro se responses to the motions. Thus, she has not provided us "with a record of all material pleadings and evidence that were considered by the trial court when it ruled." *In re John Gannon, Inc.*, No. 14-21-00005-CV, 2021 WL 1307248, at *1 (Tex. App.—Houston [14th Dist.] Apr. 8, 2021, orig. proceeding) (per curiam) (mem. op.) (quoting *In re Fields*, No. 14-17-00640-CV, 2017 WL

3495396, at *1 (Tex. App.—Houston [14th Dist.] Aug. 15, 2017, orig. proceeding) (per curiam) (mem. op.)).

Because Powell did not comply with Rule 52.7(a)(1), we deny her petition for a writ of mandamus. *See In re Sampson*, No. 06-25-00141-CR, 2025 WL 2811337, at *1 (Tex. App.— Texarkana Oct. 3, 2025, orig. proceeding) (mem. op.); *In re Lynch*, No. 06-25-00029-CV, 2025 WL 1131395, at *1 (Tex. App.—Texarkana Apr. 17, 2025, orig. proceeding) (mem. op.) (denying petition for a writ of mandamus because relator's appendix failed to "include the motion upon which the challenged order is based"); *In re John Gannon, Inc.*, 2021 WL 1307248, at *1 ("Our court has repeatedly denied mandamus relief when the record is incomplete.").[1]

Accordingly, we deny Powell's petition.

Charles van Cleef
Justice

Date Submitted:     March 23, 2026
Date Decided:       March 24, 2026

---

[1]Powell also filed an emergency motion to stay enforcement of the trial court's sanctions orders. Because we have denied her petition for a writ of mandamus, we deny Powell's emergency motion as moot.

3