In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00221-CR


______________________________




BRANDY ANN BUSSEY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


 Harrison County, Texas


Trial Court No. 07-0419X




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Brandy Ann Bussey appeals from her conviction by a jury on her plea of guilty to the offense
of endangering a child. See Tex. Penal Code Ann. § 22.041 (Vernon Supp. 2008). The jury
assessed her punishment at two years' confinement in a state-jail facility. See Tex. Penal Code
Ann. § 12.35(a) (Vernon Supp. 2008). Bussey was represented by appointed counsel at trial and on
appeal. Bussey's attorney has filed a brief in which he concludes that the appeal is frivolous and
without merit, after a review of the record and the related law.

 Counsel states that he has studied the record and finds no error preserved for appeal that
could be successfully argued. The brief contains a professional evaluation of the record and
advances one arguable ground for review. This meets the requirements of Anders v. California, 386
U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); and High v. State, 573
S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

 Counsel mailed a copy of the brief to Bussey February 17, 2009, informing her of her right
to examine the entire appellate record and to file a pro se response. Counsel simultaneously filed
a motion with this Court seeking to withdraw as counsel in this appeal. Bussey has not filed a
response or a request for an extension of time in which to file such a response. 

 We have determined that this appeal is wholly frivolous. We have independently reviewed
the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. 
See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 We affirm the judgment of the trial court. (1)



 Josh R. Morriss, III

 Chief Justice


Date Submitted: April 22, 2009

Date Decided: April 23, 2009


Do Not Publish



1. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Bussey in this case. No substitute
counsel will be appointed. Should Bussey wish to seek further review of this case by the Texas
Court of Criminal Appeals, Bussey must either retain an attorney to file a petition for discretionary
review or Bussey must file a pro se petition for discretionary review. Any petition for discretionary
review must be filed within thirty days from the date of either this opinion or the last timely motion
for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for
discretionary review must be filed with this Court, after which it will be forwarded to the Texas
Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. 
Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas
Rules of Appellate Procedure. See Tex. R. App. P. 68.4.


0;                                                                                                               

Original Mandamus Proceeding





                                                                                                                                                             
                          


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION

            In 2000, a jury convicted Benjamin Wayne McCoin for trying to kill his ex-wife and her
husband by blowing them up with dynamite. McCoin v. State, 56 S.W.3d 609 (Tex.
App.—Texarkana 2001, no pet.). McCoin was sentenced to ninety-nine years' imprisonment, and
this Court affirmed the conviction on direct appeal. Id. McCoin now asks us to order the Honorable
John Miller, trial judge of the 102nd Judicial District Court, to conduct an evidentiary hearing on
McCoin's tenth


 post-conviction application for writ of habeas corpus. See Tex. Code Crim. Proc.
Ann. art. 11.07 (Vernon Supp. 2004). We deny McCoin's request.
            Mandamus is an extreme remedy. We may issue a writ of mandamus only when the record
establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the
absence of a clear and adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex.
1994); Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992). Article 11.07 of the Texas Code
of Criminal Procedure governs the procedure whereby a felon who was convicted of a noncapital
crime may file an application for writ of habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.07. 
A trial court must conduct a hearing on an application for writ of habeas corpus only "[i]f the
convicting court decides there are controverted, previously unresolved facts which are material to
the legality of the applicant's confinement . . . ." Tex. Code Crim. Proc. Ann. art. 11.07(3)(d).
            We asked the district clerk to file with this Court a record consisting of McCoin's application
for writ of habeas corpus, the State's response (if any), and the trial court's order(s) pertaining to
McCoin's application. See Tex. R. App. P. 34.5(c). That record was filed March 19, 2004, yet it also
included an order from the Texas Court of Criminal Appeals regarding McCoin's application for writ
of habeas corpus. The order from the Texas Court of Criminal Appeals stated, in pertinent part:
            In his present application, [McCoin] contends, inter alia, that he is not
receiving credit on his sentence for all of the time that he spent in federal custody
pursuant to a state detainer. 
            The trial court has not entered findings of fact or conclusions of law. 
Applicant has alleged facts which, if true, might entitle him to relief. Therefore, it
is this Court's opinion that additional facts need to be developed and that since this
Court cannot hear evidence, the trial court is the appropriate forum. The trial court
may resolve those issues as set out in Article 11.07, § 3 (d), V.A.C.C.P., in that it
may order an affidavit from [the] Sheriff's Office officials, or it may order
depositions, interrogatories, or a hearing. In the appropriate case, the trial court may
rely on its personal recollection.
            If the trial court elects to hold a hearing, that court should first decide whether
[McCoin] is indigent. If the trial court finds that [McCoin] is indigent, and the
Applicant desires to be represented by counsel, the trial court will then, pursuant to
the provisions of Article 26.04, V.A.C.C.P., appoint an attorney to represent him at
the hearing.
 
Ex parte McCoin, No. 19,388-10, slip op. at 1–2 (Tex. Crim. App. Jan. 21, 2004) (not designated
for publication). The Texas Court of Criminal Appeals did not direct the trial court to conduct a
hearing on the other issues raised in McCoin's application.



            The order from the Texas Court of Criminal Appeals permits the trial court to receive
affidavits or evidence in lieu of a formal hearing. On February 2, 2004, the trial court entered an
order partially granting the relief requested by McCoin's application for writ of habeas corpus by
giving him credit for the time he spent in 1992 in federal custody while the State of Texas had a
detainer against him. 
            The order from the Texas Court of Criminal Appeals left to the trial court's discretion the
decision of whether to conduct a full evidentiary hearing. Based on the record before us, we cannot
say McCoin has demonstrated the trial court either abused that discretion or committed a violation
of a statutory duty. Accordingly, McCoin is not entitled to relief in his petition for writ of
mandamus. 
 
            We deny McCoin's petition for writ of mandamus.


                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice
 
Date Submitted:          March 29, 2004
Date Decided:             March 30, 2004