In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00105-CR
______________________________


AARON DALE WILLIAMSON, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 30841-B


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â On March 23, 2004, the trial court sentenced Aaron Dale Williamson to three terms of life
imprisonment, with each sentence to be served consecutively. Williamson filed an out-of-time
motion for new trial and an out-of-time notice of appeal August 3, 2004.
Â Â Â Â Â Â Â Â Â Â Â Â A defendant must file the notice of appeal within thirty days from the date the trial court
imposes or suspends sentence unless the defendant timely files a motion for new trial, in which case
the notice of appeal must be filed within ninety days from the date the trial court imposes or
suspends sentence. Tex. R. App. P. 26.2. An appellate court may, however, extend the time to file
the notice of appeal "if, within 15 days after the deadline for filing the notice of appeal, the party: 
(a) files in the trial court the notice of appeal; and (b) files in the appellate court a motion complying
with Rule 10.5(b)." Tex. R. App. P. 26.3.
Â Â Â Â Â Â Â Â Â Â Â Â In this case, the record clearly shows Williamson did not file a timely motion for new trial. 
See Tex. R. App. P. 21.4(a) (motion shall be filed no later than thirty days after sentence is imposed
or suspended). Accordingly, his notice of appeal was due by April 22, 2004. It was not filed until
August 3, 2004.
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Williamson did not timely invoke this Court's jurisdiction. The record does not indicate he
has been granted an out-of-time appeal by the Texas Court of Criminal Appeals. Accordingly, we 
dismiss the appeal for want of jurisdiction.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â August 11, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â August 12, 2004

Do Not Publish




den="false"
 UnhideWhenUsed="false" QFormat="true" Name="Quote"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No.
06-11-00134-CV

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
RE:

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TONYA
ALLEN

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Original
Mandamus Proceeding

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before
Morriss, C.J., Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum
Opinion by Justice Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Tonya Allen petitions this Court for
a writ of mandamus compelling the Honorable Rebecca Simpson, Judge of the
County Court at Law Number One of Gregg County, to set aside the order entitled
ÂTemporary Order Following Adversary Hearing,Â granting temporary managing
conservatorship of AllenÂs child to the Texas Department of Family and
Protective Services (the Department), and to compel Respondent to enter an
order directing the return of the child to Allen.Â  

Â Â Â Â Â Â Â Â Â Â Â  According to AllenÂs petition, her
child was removed from her care and custody by the Department on November 21,
2011.Â  The following day, the Department
is alleged to have filed its ÂOriginal Petition for Protection of a Child, for
Conservatorship, and for Termination in Suit Affecting the Parent-Child
Relationship,Â as well as its ÂOrder for Protection of a Child in an
Emergency.ÂÂ  The order ofÂ  which Allen complains was entered on December
5, after an adversary hearing.Â Â  Allen
complains the trial court abused its discretion in issuing the temporary order
because the evidence is legally and factually insufficient to support the
following findings:

(1) there was a danger to the physical health or
safety of the child which was caused by an act or failure to act of the person
entitled to possession and for the child to remain in the home is contrary to
the welfare of the child; (2) the urgent need for protection required the
immediate removal of the child and reasonable efforts consistent with the
circumstances and providing for the safety of the child, were made to eliminate
or prevent the childÂs removal; and (3) reasonable efforts have been made to
enable the child to return home, but there is a substantial risk of a
continuing danger if the child is returned home.

Â 

Â Â Â Â Â Â Â Â Â Â Â  Mandamus is an extraordinary remedy
and will issue only when the record establishes (1) a clear abuse of discretion
or the violation of a duty imposed by law, and (2) the absence of a clear and
adequate remedy at law.Â  Cantu v. Longoria, 878 S.W.2d 131, 132
(Tex. 1994); In re Fulgium, 150
S.W.3d 252, 254 (Tex. App.ÂTexarkana 2004, orig. proceeding).Â  ÂWith respect to resolution of factual issues
or matters committed to the trial courtÂs discretion, the reviewing court may
not substitute its judgment for that of the trial court.ÂÂ  Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).Â 
Moreover, mandamus is available only in the absence of a factual dispute
of consequence. Â Id. at 839Â40.Â  When the
trial courtÂs judgment is based on conflicting evidence and some of this
evidence reasonably supports the courtÂs decision, there is no abuse of
discretion.Â  Butnaru v. Ford Motor Co., 84 S.W.3d 198, 211 (Tex. 2002).Â  Where, as here, a relator seeks to overrule a
decision based on factual issues or matters committed to the trial courtÂs
discretion, she has the burden to show the trial court could have reached only
one decision on the facts.Â  Walker, 827 S.W.2d at 839Â40.

Â Â Â Â Â Â Â Â Â Â Â  The order of the trial court recites
that Âa full adversary hearing pursuant to Â§ 262.205, Texas Family Code, was
held in this case.ÂÂ  The order indicates
Allen was present and represented by the attorney now filing this mandamus
petition on her behalf.Â Â  The trial court
Âexamined and reviewed the evidence, including the sworn affidavit accompanying
the petition and based upon the facts contained therein,Â made the findings
with which Allen takes issue.Â Â  Â Â 

Â Â Â Â Â Â Â Â Â Â Â  In order to make a determination of
whether the trial court could have reached only one decision on the facts and
evidence presented, a review of the record of the hearing, together with all
exhibits and the referenced sworn affidavit, would be necessary.Â  Allen had the obligation to provide us with
evidence in support of her claim that she is entitled to mandamus relief.Â  No portion of any clerkÂs record or
reporterÂs record has been filed with this Court.Â  The absence of a mandamus record prevents us
from evaluating the circumstances of this case and, consequently, the merits of
AllenÂs complaints. Â See Tex.
R. App. P. 52.7.

Â Â Â Â Â Â Â Â Â Â Â  We deny the petition for writ of
mandamus.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bailey
C. Moseley

Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date
Submitted:Â Â Â Â Â Â Â Â Â  December 20, 2011

Date
Decided:Â Â Â Â Â Â Â Â Â Â Â Â  December 21, 2011