6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00061-CV
______________________________



IN RE: RICHARD M. KING, JR.





                                                                                                                                                             

Original Mandamus Proceeding





                                                                                                                                                             
                          


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION

            Richard M. King, Jr., has filed a petition for writ of mandamus. King asks this Court to
order the Honorable Jim Lovett, presiding judge of the 6th Judicial District Court for the State of
Texas, to recuse himself in an original quo warranto


 proceeding King has filed in that court. King
asserts Judge Lovett's refusal to recuse himself, as well as Judge Lovett's refusal to refer the recusal
motion to the regional administrative judge, amounts to an abuse of discretion that must be corrected
by this Court.
            Mandamus will issue only when the mandamus record establishes (1) a clear abuse of
discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate
remedy at law. Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833,
839–40 (Tex. 1992). Mandamus is an extraordinary remedy that will issue only to correct a clear
abuse of discretion, or, in the absence of another statutory remedy, when the trial court fails to
observe a mandatory provision conferring a right or forbidding a particular action. Abor v. Black,
695 S.W.2d 564, 567 (Tex. 1985) (orig. proceeding). Mandamus may issue even on questions of
first impression if, as a matter of law, the trial court erred in its analysis and reached an erroneous
legal conclusion. Huie v. DeShazo, 922 S.W.2d 920 (Tex. 1995) (orig. proceeding). The party
applying for the writ has the burden of showing the trial court abused its discretion. In re Bunzl
USA, Inc., 155 S.W.3d 202, 207–08 (Tex. App.—El Paso 2004, orig. proceeding); In re E. Tex. Med.
Ctr. Athens, 154 S.W.3d 933, 935 (Tex. App.—Tyler 2005, orig. proceeding). 
            King has not provided this Court with a record of the proceedings from the trial court below. 
We lack copies of King's recusal motion, the alleged order signed by Judge Lovett denying King's
motion, or any reporter's record of the lower court's proceedings. King's petition does not even
allege the cause number of the case from which King contends Lovett should be recused. Without
any record of the lower court's proceedings, we cannot begin to assess the merits of such claims. In
short, because King has failed to meet his initial burden of providing an adequate record from which
we ascertain the appropriateness of the trial court's conduct, we must deny the petition for writ of
mandamus.
 

                                                                        Josh R. Morriss, III
                                                                        Chief Justice

Date Submitted:          June 12, 2006
Date Decided:             June 13, 2006



/EM> Tex. Health & Safety Code Ann. ǧ 481.117(c) & 481.118(c) (Vernon 2003) (range
for third-degree felony goes from twenty-eight to 200 grams for drugs in groups 3 and 4).
2. Carson filed his notice of appeal February 7, 2007. This is timely. See Tex. R. App. P.
26.2(a)(1).
3. We take judicial notice of the calendar for 2006. See Tex. R. Evid. 201 (judicial notice of
adjudicative facts not subject to reasonable dispute may be taken at any stage of the proceeding,
whether requested or not).
4. We note that the State could have asked Carson to waive his right to an indictment, see Tex.
Code Crim. Proc. Ann. art. 1.05 (Vernon 2005), and filed a felony information in connection with
these charges. See Tex. Code Crim. Proc. Ann. art. 21.20 (Vernon 1989).