80,528-04

Kevin S. Menniefee
1727174 - Ellis Unit
1697 FM 980
Huntsville, Texas 77343

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 13 2016

Abel Acosta. Clerk

June 7 , 2016

Mr. Abel Acosta, Appeal Clerk
COURT OF CRIMINAL APPEALS
12308 Capitol Station
Supreme Court Building
Austin, Texas 78711

Re: Cause No. 28736C-86
    Writ of Mandmaus

Dear Mr. Acosta, Appeal Clerk:

Please find enclosed Relator's Writ of Mandmaus to be
filed among the papers in the above number and cause.

By copy of this letter, I am forwarding a copy of the same
to the district Clerk of Kaufman County, Texas.

Thank you for your time and consideration in this matter.


Sincerely,

KEVIN S. MENNIEFEE
Relator Pro SE

files cc: Mr. Rhonda Hughey
         District Clerk
         County Courthouse
         100 W. Mulberry St.
         Kaufman, Texas 75142

**This document contains some
pages that are of poor quality
at the time of imaging.**

No. _____

IN THE

TEXAS COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

KEVIN SHARONE MENNIEFEE §
Relator, §
§
Vs. § No: 28736C-86
§
The 86th Judicial District §
Court of Kaufman County, Texas§
Respondent. §
§

APPLICATION FOR WRIT OF MANDAMUS,
PURSUANT TO RULE 52.8(c), TEX. RULE OF APPELLATE PROCEDURE,
DIRECTING THE 86th JUDICIAL DISTRICT COURT TO
PROCESS RELATOR'S APPLICATION FOR WRIT OF HABEAS CORPUS
PURSUANT TO V.A.C.C.P. ART. 11.07

TO THE HONORABLE JUDGES OF SAID APPEAL COURT:

COMES NOW, **KEVIN SHARONE MENNIEFEE**, TDC No. # 1727174,

Pro Se Relator, and files this, Application for WRit of

Mandamus requesting this court to direct the 86rd Judicial

District Court of Kaufman County, Texas to process his State

aplication for writ of Habeas Corpus pursuant to V.A.C.C.P.

art. 11.07 in cause number **28736C-86**, presently pending

before the Respondent. In support thereof, Relator will

show the following:

I.

JURISIDCTION

This court has jurisdiction to issue a "Writ of Man-

amus" in this case pursuant to article 5 § V of the Texas

Constitution. <u>Landford V. Fourteenth Court of Appeals</u>, 847

S.W. 581 (Tex. Cir. 1993). MOreover, purpose of (1978) Amend-

ment to provision of Texas Constitution governing power

of Court of Criminal Appeals to issue extraordinary writs;

-1-

was to confer upon the Court of Criminal Appeals additional power to grant extraordinary writs in cases regarding "Criminal matters". Vernon's Ann. Const., Art. 5 § V., State Ex Rel. Vance v. Routt, 571 S.W. 2d. 903 (Tex. Crim. App. 1978).

## II.

## STATEMENT OF THE CASE

Upon receipt of an application for writ of Habeas Corpus challenging a final felony conviction, the attorney representing the State has (15) days to respond. **See, Tex. Code Crim. Proc., art. 11.07,§(b)**. After the expiration of the time allowed for the State to respond, the trial court is allowed (20) days to determine whether the application contain allegations of controverted, previously unresolved facts material to the legality of the applicant's confinement. See, art. 11.07,§ 3(c). If the trial court determine that the application for writ of Habeas Corpus presents such issues it shall **enter an order within 20 days of the expiration of the time allowed for the State to reply designating the issues of fact to resolved."** Thus, the trial court has 35 days to enter an order designating issue after the filing date of an 11.07 application for a writ of Habeas Corpus. **Article 11.07 does not authorize the trial court to extend the time limitation imposed by the statute, other than by a "timely" entry of an order designating issues. See, McCree v. Hampton, 824 S.W. 2d 578, 579 (Tex. Crim. App. 1992)(emphasis added).**

-2-

Without a timely entry of an order designating the issue, article 11.07 imposed a duty upon the clerk of the trial court to "immediately" transmit to the Court of Criminal Appeals the record from the application for a writ of Habeas Corpus, deeming the trial court's inaction a finding that no issue of fact require further resolution. **See, article 11.07, §3(c).**

In this case, Relator filed his State Application for writ of Habeas Corpus by certified mail, certified mail number 7013-1710-0001-0996-9451 **January 28, 2016.** The District CLerk Office **stample marked the date of February 2, 2016. See Cover letter marked as exhibit A attached;** On **March 04, 2016,** Mr. Rhonda Hughey, the District Clerk of Kaufman County, Texas wrote Applicant a letter informing Applicant that the writ of Habeas Corpus was forwarded to the Court of Criminal Appeal. **See, exhibit B attached;** From March 04, 2016 Applicant was thinking that his State Application was filed in the Texas Court of Criminal Appeal which Mr. Hughey has <u>fabricated</u> a letter stating that his writ was send to the Court of Criminal Appeals. **See, exhibit B;** The district clerk, Mr. Hughey, wilful, negligent, incompetence, failure of duty, unprofessional conduct, fraud and **misrepresentation of office duty. See, Government Code 51.303(e)(2).**

-3-

The Distirct Clerk's forwarding of State Writ to the Court of Criminal Appeal was mandatory, ministerial duty, and applicant had no other adequate remedy, such that mandamus would issue to compel clerk to perform this duty. V.T.C.A. Government Code § 22.221(a); such is necessary to enforce the Court of Criminal Appeal. In Re Coronoado, 980 S.W. 2d 691, 692 (Tex. App. - San Antonio 1998, Orig Proceeding); Summit Saving Ass'n v. Garcia, 727 S.W. 2d. 106, 107 Tex. App. - San Antonio 1987, Orig Proceeding. A Mandamus is proper issues in this case because the record establishes (1) a clear abuse of discretion and a violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. Cantu v. Longoria, 878 S.W. 2d. 131 (Tex. 1994); Walker v. Packer, 827 S.W. 2d 833, 839-40 (Tex. 1992). On May 3, 2016 Applicant wrote Mr. Abel Acosta, the Appeal clerk for the Court of criminal Appeals inquiring about the notification "White Card" informing Applicant that the Appeal Court received his State Application. See, exhibit C attached; On May 11, 2016, Applicant received a letter from Mr. Abel Acosta, Appeal CLerk that after a thorough search of the Court's records, the court find that Applicant do not have a writ of Habeas Corpus filed in the Court of Criminal Appeals at this time. See, exhibit D attached. Mr. Hughey, the district clerk of Kaufman County committed fraud and misrepresentation of his Office Duty.

-4-

The distirct clerk has no authority to **fabricate a letter to applicant for the sole purpose of misleading him to "think" his State Application writ was forwarded to the Court of Criminal Appeals.** See, exhibit B; the district clerk's action is indeed a misrepresentation of Office duty and fraud.

## III.

### BRIEF IN SUPPORT

A act is "ministerial" for purpose of request for writ Mandamus, if it constitute duty clearly fixed and required by law, without exercise of discretion or judgment. See, Engle v. Locker, 820 S.W. 2d. 47 (1991); Curry v. Gray, 728 S.W. 2d. 128 (Tex. Crim. App. 1997). While it is the general rule that a mandamus will not be issue to control the action of an inferrior Court or Public Officer in a matter involving discretion. However, the writ may be issue "in a proper case" to correct a clear abuse of discretion. Crane v. Turnks, 160 Tex. 182, 328 S.W. 2d. 434, 440 (1959). The Suprem Court has recognized that adaption of this exception is particularly important "where the remedy by way of appeal is inadequate."West v. Solitos, 563 S.W. 2d. 240, 244 (Tex. 1978). In re-iterating this standard, in Johnson v. Fourth Court of Appeals, 700 S.W. 2d. 916, 917 (Tex. 1985). The Supreme Court stated: "....Mandmaus issues only to correct a clear **abuse of** discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. Id. at 917.

-5-

IV.

ABUSE OF DISCRETION

The Relator further contends the Respondent's failure to apply the law with respect to article 11.07 §3(c), explicitly enumerate that the Respondent process Relator's Habeas Corpus action within specified time limitation and forward the application top This Appeal Court. In view thereof, the Respondent has but one choice, and it is the duty prescribe by article 11.07, the failure to perform this duty constitutes a clear and prejudicial abuse of the Respondent duty fixed by law. Consequently, Relator's right of access to the courts; and to be heard on his Habeas Corpus action; has quite stringently been impaired by the action of the Respondent.

Therefore, writ of Mandmaus will be issue when under the circumstances, law and facts permit trial court to make but one decision and it refuses to make that decision. See, Proffer v. Yates, 734 S.W. 2d. 671,673 (Tex.Cir. App. 1992).

In Walker v. Packey, 827 S.W. 2d. 833 (Tex. Crim. App. 1992). The Supreme Court stated: "....trial court clearly abuses its discretion, for purpose of Mandamus with the respect to resolution of factual issues or matters committed to trial court's discretion, only if trial court could reasonably have reach only one decision." Id. Also see,

-6-

State v. Walker, 679 S.W. 2d. 484 (Tex. Cir. 1984)("Mandamus will lie to correct an action of trial judge who commits abuse of discretion, or violation of clear duty under law and when there is no **other** adequate remedy at law"). Ayres v. Canoles, 790 S.W. 2d. 54 (Tex. Crim. App. 1990)("Writ of Mandmaus will be issue to correct trial court actions when there has been **clear** abuse of discretion particularly where remedy by law of appeal is in adequate.")

V.

## APPEAL IS NOT AN ADEQUATE REMEDY

The Relator contends that the issue of the trial court to apply the dictates of V.A.C.C.P., Article 11.07, is not an appealable issue.

VI.

## PRAYER OF RELATOR

Wherefore, premises considered the Relator, **prays** that this court issue an order directing the Respondent to make proposed recommendation, finding of facts and conclusion of law, and forward the same to this court within thirty (30) days.

Respectfully Submitted,

Kevin Menniefee #1727174

Kevin Menniefee
TDC No. 1727174
Ellis Unit
1697 FM 980
Huntsville, Texas 77343

-7-

## CERTIFICATE OF SERVICE

I, Kevin Menniefee, TDC No. 1727174, certifiy that a true and correct copy of the foregoing Application for Writ of Mandamus has been served by placing the same in the United STates mail on this 7 day of June ,2016, address to the District Clerk Office at:

Mr.Rhonda Hughey
District Clerk
County Courthouse
100 W. Mulberry St.
Kaufman, Texas 75142

Kevin S. Menniefee
Pro SE Applicant

-8-

January 28. 2016
District Clerk
Rhonda Hughey
100 W mulberry st
Kaufman Texas. 75142





RE: Kevin Menniefee v. The State of Texas
Trial Court NO# 28736-86 count 1

Dear Rhonda Hughey please find the following
instrument to be filed in your office in the above
reference cause number. Please have this letter date
stamped file and notify me of the filing by sending
me a copy of the date stamp letter for my records.

- Writ of Habeas Corpus 11.07
- Exhibits A, B, C and C1
- Reporters Record volume 4 ¦ 5

I want to thank you in advance for you assistance
in this matter.

Certified mail number. 7013 1710 0001 0996 9451

Respectfully Submitted

Kevin Menniefee # 1727174

c/c file

# Rhonda Hughey

### District Clerk





Kaufman County

February 2, 2016

County Courthouse
100 W. Mulberry St.
Kaufman, Texas 75142
**972-932-0279**

Kevin Menniefee, TDCJ # 1727174
O.B. Ellis Unit
1697 FM 980
Huntsville, Texas 77343

RE: 28736C-86
EX PARTE: Kevin Menniefee

Dear Mr. Menniefee:

This is to acknowledge receipt of the above captioned post conviction petition for writ of habeas corpus. Article 11.07 of the Texas Code of Criminal Procedure afford the State 15 days in which it may answer. After those 15 days, the Court has 20 days in which it may order a hearing. If no order has been entered 35 days from the above date, the petition will be forwarded to the Court of Criminal Appeals for their consideration.

1). **Defendant received: Count 1**; Twenty Five (25) Years in the Texas Department of Criminal Justice Institutional Division; **Fine:$0; Court Cost: $331.00 ; Restitution:$0 Time Credited: From 05/09/2010 to Present Count 2**; Fourteen Months in the Texas Department of Criminal Justice Institutional Division, **Fine: $0; Court Cost: $286.00; Restitution: $0**

2) **Judgment:** Affirmed, April 30, 2012, **Memorandum Opinion:** Affirmed, April 30, 2012; **Mandate:** Affirmed, November 1, 2012; **Memorandum Opinion:** Affirmed, June 21, 2013, **Judgment:** June 21, 2013, (Dismissed) **Mandate:** September 3, 2013 (Dismissed) Court of Appeals Fifth District of Texas at Dallas.

3). Application for Writ of Habeas Corpus Filed on 07/10/2013 (28736A-86) Writ Dismissed

4). Application for Writ of Habeas Corpus Filed on 11/7/2013) 28736B-86) Writ Denied

5). Application for Writ of Habeas Corpus Filed on 02/02/2016) 28736C-86)

All further correspondence should indicate the above cause number **28736C-86**

Sincerely,

Rhonda Hughey
District Clerk

RH/dw
Enclosure

Cc: Erliegh Norville Wiley, Criminal District Attorney
     Kevin Sharone Menniefee



# Rhonda Hughey
## District Clerk



Kaufman County

March 4, 2016

County Courthouse
100 W. Mulberry St.
Kaufman, Texas 75142
**972-932-0279**

Court of Criminal Appeals
12308 Capitol Station
Supreme Court Building
Austin, Texas 78711

**RE: Cause No. 28736C-86**
**Ex Parte: Kevin Sharone Menniefee**

Dear Clerk,

Enclosed, please find the Clerk's Record for Writ of Habeas Corpus to be filed in your Court, regarding the captioned cause number.

If you have any questions, please contact our office.

Sincerely,

Rhonda Hughey
District Clerk
Kaufman County, Texas

RH/dw

Cc: Erleigh Norville Wiley, District Attorney
     Kevin Sharone Menniefee, Applicant

Enclosure

May 3, 2016
~~April 18, 2016~~

Abel Acosta Clerk
Texas Court of Criminal Appeals
Supreme Court bldg
201 W. 14th st Rm 106
Austin Tx, 78711-2305

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 06 2016

Abel Acosta, Clerk

RE: Request to see if writ was forwarded from
    the 86th District Court.


Dear, Abel Acosta

   This is a formal letter that on February 2, 2016, that applicant filed his writ of Habeas corpus Pursuant to the Texas Code of criminal Procedure Article 11.07 in the 86th Judicial District Court. And on March 4, 2016 I recieved a notice that the writ had been forwarded to your office. Over 92 days have elapsed since I have heard anything. I have not recieved a white card notifying me that it had been filed in the Court of criminal appeals.

   I am requesting that you date stamp this letter and notify me of the filing by sending me a date stamped letter for my records.

   I want to thank you in advance for your Assistance in this matter

                              Respectfully submitted
                              Kevin Menniefee
                              Kevin Menniefee #1727174

c/c file





*D*

SHARON KELLER
  PRESIDING JUDGE

LAWRENCE E. MEYERS
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
ELSA ALCALA
BERT RICHARDSON
KEVIN P. YEARY
DAVID NEWELL
  JUDGES

# COURT OF CRIMINAL
# APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
(512) 463-1551

SIAN SCHILHAB
GENERAL COUNSEL
(512) 463-1600

May 11, 2016

Kevin Menniefee #1727174
Ellis Unit
1697 FM 980
Huntsville, TX 77343

RE: Your enclosed correspondence

Dear Mr. Menniefee:

After a thorough search of our records, we find that you do not have a Writ of Habeas Corpus filed in the Court of Criminal Appeals at this time. If you have any further questions or concerns, please direct them to the District Clerk in the convicting county where you originally filed the application.

I am herewith returning your documents.

Sincerely,

Abel Acosta, Clerk

AA/llg
Enclosure