**Dismissed and Memorandum Opinion filed November 29, 2022.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-21-00630-CV**

**GILCHRIST COMMUNITY ASSOCIATION, Appellant**

**V.**

**J. MARCUS HILL AND JAMES E. BRADLEY, Appellees**

**On Appeal from the County Court No. 2**
**Galveston County, Texas**
**Trial Court Cause No. CV76026A**

## MEMORANDUM OPINION

Appellant Gilchrist Community Association (Gilchrist) challenges the trial court's final judgment in favor of appellees J. Marcus Hill and James E. Bradley. Concluding Gilchrist did not timely file its notice of appeal, we dismiss this appeal for want of subject-matter jurisdiction.

Generally, the notice of appeal must be filed within 30 days after the

judgment is signed.[1] Tex. R. App. P. 26.1. The period for filing a notice of appeal may be extended to 90 days if any party timely files, among other documents, a motion for new trial. Tex. R. App. P. 26.1(a)(1); *see* Tex. R. Civ. P. 329b(a) (motion for new trial shall be filed within thirty days after judgment is signed). A timely-filed notice of appeal is a jurisdictional requirement. *In re United Services Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010).

Under Texas Rule of Appellate Procedure 4.2, however, the time for filing the notice of appeal may begin running later than the signing of the judgment if a party adversely affected by the signing does not receive notice of the judgment within 20 days after the judgment was signed. Rule 4.2(a)(1) provides:

> If a party affected by a judgment or other appealable order has not— within 20 days after the judgment or order was signed—either received the notice required by Texas Rule of Civil Procedure 306a.3 or acquired actual knowledge of the signing, then a period that, under these rules, runs from the signing will begin for that party on the earlier of the date when the party receives notice or acquires actual knowledge of the signing. But in no event may the period begin more than 90 days after the judgment or order was signed.

Tex. R. App. P. 4.2(a)(1). Rule 4.2 further states that the procedure to gain additional time is governed by Texas Rule of Civil Procedure 306a(5), which provides:

> **5. Motion, notice and hearing.** In order to establish the application of paragraph (4) of this rule,[2] the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

---

[1] The instant appeal is not an accelerated or restricted appeal. Tex. R. Civ. P. 26.1(b), (c).

[2] Paragraph 4 of Rule 306a discusses circumstances in which a party does not receive timely notice of the trial court's judgment. Tex. R. Civ. P. 306a(4).

Tex. R. Civ. P. 306a(5); *see* Tex. R. App. P. 4.2(b). Texas Rule of Appellate Procedure 4.2 further requires that, after the hearing on the Rule 306a(5) motion, "the trial court must sign a written order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed." Tex. R. App. P. 4.2(c).

In the instant case, the trial court signed its final judgment[3] confirming an arbitration award in favor of appellees and awarding appellees actual damages and pre- and post-judgment interest from Gilchrist on May 25, 2021. No notice of appeal or motion for new trial was filed within 30 days after the judgment was signed. Tex. R. App. P. 26.1; Tex. R. Civ. P. 329b(a). Instead, Gilchrist filed a motion for vacatur and modification of the arbitration award as well as a verified motion for new trial pursuant to Texas Rule of Civil Procedure 306(a)on August 17, 2021, 84 days after the trial court signed its judgment. *See* Tex. R. Civ. P. 305a(5). In its motion for new trial, Gilchrist argued that "neither [Gilchrist] nor [its] counsel of record received actual notice of the entry of the Final Judgment by June 14, 2021." *See id.* While it appears the trial court held additional proceedings after these filings, there is no signed written order in the record finding the date that Gilchrist or its attorney first either received notice or acquired actual knowledge that the judgment was signed as required by Rule 4.2. Tex. R. App. P. 4.2(c). Absent such a signed, written order containing such a finding, and absent a timely-filed postjudgment motion extending the time to file a notice of appeal, Gilchrist's notice of appeal was due 30 days after the trial court signed its judgment on May 25, 2021. Tex. R. App. P. 26.1. Gilchrist did not file its notice of

---

[3] The trial court's judgment states, "This judgment is final, disposes of all claims and all parties, whether brought or could have been brought, including compulsory or permissive counterclaims and is appealable." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001).

appeal until November 1, 2021, 160 days after the trial court signed its judgment, making the notice untimely and depriving this court of subject-matter jurisdiction over this appeal. Tex. R. App. P. 4.2, 26.1; *see United Services Auto. Ass'n*, 307 S.W.3d at 307; *see also Cantu v. Longoria*, 878 S.W.2d 131, 131–32 (Tex. 1994) (if trial court does not determine when party received notice of the judgment under Rule 4.2(c)'s predecessor, party is precluded from pursuing appeal).[4]

We dismiss this appeal for want of subject-matter jurisdiction. Tex. R. App. P. 42.3(a).[5]

/s/    Charles A. Spain
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.

---

[4] Under *Cantu*, any further relief potentially available to Gilchrist is not available by appeal, and accordingly we deny Gilchrist's request to abate this appeal to the trial court for further proceedings complying with Rule 4.2. *See Cantu*, 878 S.W.2d at 131–32; *see also Unity Nat'l Bank v. Scroggins*, No. 01-20-00593-CV, 2021 WL 4897833, at *5 (Tex. App.—Houston [1st Dist.] Oct. 21, 2021, pet. filed) (mem. op.) (denying request to abate, citing *Cantu*, and explaining that appellant bears burden of compliance with Rule 4.2). This makes sense, given that absent the finding required by Rule 4.2, there has been no extension of either the trial court's plenary power or the time to file a notice of appeal.

[5] Because the parties addressed the jurisdictional issue in their briefing, notice of involuntary dismissal is unnecessary. *See* Tex. R. App. P. 42.3(a).