

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00039-CV

IN RE TONJA LYNCH

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Tonja Lynch has filed a pro se petition for a writ of mandamus challenging the trial court's April 3, 2025, order declaring her a vexatious litigant subject to a prefiling order. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.054, 11.101. Because Lynch has failed to comply with the Texas Rules of Appellate Procedure's prerequisites for obtaining mandamus relief, we deny her petition.

"Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)). "It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief." *Id.* (citing *Walker*, 827 S.W.2d at 837).

Here, the mandamus record filed by Lynch shows that the Real Parties in Interest (RPI), Lacy Operations, Ltd., and R. Lacy Services, Ltd., moved to declare Lynch a vexatious litigant. The mandamus record further shows that the trial court held an evidentiary hearing on this matter. To be entitled to the extraordinary remedy of mandamus relief, Rule 52.3(k) of the Texas Rules of Appellate Procedure required Lynch to provide "a certified or sworn copy of any . . . document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(B). Also, pursuant to Rule 52.7(a) of the Texas Rules of Appellate Procedure, Lynch was required to file the following along with her petition for a writ of mandamus:

2

(1)     a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding; and

(2)     a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained.

TEX. R. APP. P. 52.7(a). Although Lynch filed the trial court's order, she did not include the motion filed by the RPI or any transcript from the March 27, 2025, hearing on the matter.[1]

Without those critical documents, we are unable to evaluate whether the trial court abused its discretion by declaring Lynch a vexatious litigant subject to a prefiling order.

As a result, we deny Lynch's petition for a writ of mandamus.[2]

Charles van Cleef
Justice

Date Submitted:     April 16, 2025
Date Decided:       April 17, 2025

---

[1]Lynch appears to have included documents from other cases without any indication of whether those documents were filed in this underlying proceeding.

[2]In light of this resolution, we also deny Lynch's "Emergency Motion to Stay Trial Court Proceedings and to Expedite Consideration of Petition for Writ of Mandamus" as moot.